73 F.3d 368
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Hamid Reza ASGARI, Petitioner,
v.
IMMIGRANTION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70560.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 16, 1995.*
Decided Dec. 14, 1995.
 
 Before: BROWNING, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In Elramly v. INS, 49 F.3d 535 (9th Cir.1995), we held that the BIA must consider the particular nature of a drug offense under Section 212(c) in determining whether a showing of "unusual or outstanding" countervailing equities must be made. Id. at 537. The BIA did not do so here. It simply noted that "we consider that the respondent has a serious criminal conviction." The Board also noted that a showing of unusual or outstanding equity is required following conviction of a "serious drug offense, particularly one relating to trafficking or sale of drugs," and held that Asgari had not made such a showing.
 
 
 3
 The Board errs when it categorically describes a drug offense as "serious," and applies "a correspondingly fixed requirement of virtually unattainable countervailing equities. The proper approach is that ordinarily enunciated by the BIA according to which the positive equities required correlate with the seriousness of the particular crime involved." Id. at n. 4.
 
 
 4
 Because the BIA erred in automatically deeming Asgari's drug offense serious, and applying the "outstanding and unusual" standard, we remand to the BIA to reconsider his claim under the appropriate standard.
 
 
 5
 The BIA further failed to discuss the hardship as to Asgari's family that would result from his deportation. As we stated in Rashtabadi v. INS, 23 F.3d 1562, 1571 (9th Cir.1994), "failure to consider an important factor or to make a record of considering it constitutes an abuse of discretion." We cannot assume that the BIA considered a factor it did not mention. Id. On remand, the Board should consider this factor explicitly.
 
 
 6
 The other issues presented by Asgari have no merit. The BIA's decision that Asgari failed to establish persecution or a well-founded fear of persecution is supported by the record. Asgari did not meet his burden of establishing the facts necessary to support his claims.
 
 
 7
 Petition for review GRANTED in part, DENIED in part and REMANDED to the BIA for further proceedings.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3